UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY J. KAHEE,

        Plaintiff,                      CIVIL ACTION NO. 10-14852

       v.                               DISTRICT JUDGE JULIAN ABELE COOK, JR.

COMMISSIONER OF                MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.*    *Proceedings in this Court*

On December 7, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of Supplemental Security Income benefits (Dkt. No. 3). This matter is currently before the Court on Plaintiff's motion to remand and Defendant's motion for summary judgment (Dkt. Nos. 12, 13). Plaintiff also filed a response (Dkt. No. 14) to Defendant's motion for summary judgment.

    *B.*    *Administrative Proceedings*

Plaintiff filed the instant claims on October 13, 2006, alleging that he became unable to work on March 1, 2004 (Tr. 11, 86-88). The claim was initially disapproved by the Commissioner on December 29, 2006 (Tr. 11, 46-49). Plaintiff requested a hearing and, on September 4, 2009, Plaintiff appeared with counsel before Administrative Law Judge (ALJ)

Priscilla M. Rae, who considered the case *de novo*. In a decision dated September 24, 2009, the ALJ found that Plaintiff was not disabled (Tr. 8-20). Plaintiff requested a review of this decision on October 22, 2009 (Tr. 5-7). The ALJ's decision became the final decision of the Commissioner on November 8, 2010 when, after the review of additional exhibits[1] (AC-C18E, AC-C13F, AC C14F; Tr. 180-182, 336-387, 388-436), the Appeals Council denied Plaintiff's request for review (Tr. 1-4).

I find that the ALJ's determination that Plaintiff could perform the full range of sedentary work is not supported by substantial evidence. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for remand be **GRANTED**, Defendant's motion for summary judgment be **DENIED**, and that this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the discussion below.

## II.     STATEMENT OF FACTS

### A.     *ALJ Findings*

Plaintiff was 45 years old on the date his application was filed (Tr. 15). Plaintiff has past relevant work as a delivery person, machine operator and trainer (Tr. 15, 115). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since October 13, 2006, his alleged disability onset date (Tr. 13). At step two, the ALJ found that Plaintiff had the following "severe" impairments: back problems with right leg deep vein thrombosis. *Id*. At step three, the ALJ found no evidence that

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform "the full range of sedentary work" (Tr. 13). At step four, the ALJ found that Plaintiff could not perform any of his past relevant work (Tr. 15). At step five, the ALJ denied Plaintiff benefits based on an application of the Medical Vocational Guidelines, or "Grids" (Tr. 15).

   **B.**  *Administrative Record*

     **1.**  **Plaintiff's Testimony and Statements**

Plaintiff testified that he began experiencing leg problems when he was 17 years old, following a gunshot injury to his spine (Tr. 25, 29). Plaintiff described the feeling as a "dropped foot" with numbness in the back of the right leg and intermittent numbness on the left (Tr. 25). He stated that he fell sometimes due to the numbness (Tr. 25) and had difficulty with his right ankle, due to an old fracture (Tr. 26). Plaintiff also claimed that he sometimes had trouble bending at the knees or reaching to retrieve something off the floor (Tr. 39).

Plaintiff testified that he used a cane the "majority of the time" but could walk up to a half-block before needing rest (Tr. 26-27). At the grocery store, he used the cart for support (Tr. 30). Plaintiff stated that he took Vicodin and did stretching at night (Tr. 27). His daily activities included cooking for his 13-year old son and helping him with homework (Tr. 27); he took his son to the beach or park, and could drive a car (Tr. 28). Plaintiff also testified that he was going to attempt part-time work as a maintenance person/janitor through a rehabilitation program, 20 hours a week (Tr. 31).

**2. Medical Evidence**

For purposes of this Report and Recommendation, a complete recitation of Plaintiff's medical records is not necessary. The ALJ found that Plaintiff could perform the "full range of sedentary work" (Tr. 13). In so finding, the ALJ rejected the opinions of two state agency physicians, who both placed additional restrictions on Plaintiff. As discussed in greater detail in section C (below), this was error.

In December 2006, Plaintiff was seen by Dr. S.L. Schuchter for a consultative examination, at the request of the state agency (Tr. 278). Dr. Schuchter noted that Plaintiff had a gunshot wound from 1979 and the bullet remained in his back (Tr. 278). Plaintiff voiced complaints of right foot and ankle pain, and had fallen several times (Tr. 278). Dr. Schuchter observed that Plaintiff used a cane (Tr. 279). On examination, Dr. Schuchter noted weakness of the right leg below the knee, and diminished sensation over the right lower leg (Tr. 279). There was dropfoot on the right (Tr. 279). Dr. Schuchter noted no joint swelling or redness (Tr. 279). He opined that Plaintiff could not stoop and could bend only occasionally (Tr. 280). He further noted that Plaintiff needed a cane to walk (Tr. 281).

State reviewing physician Dr. Barbara Begian reviewed the medical evidence and opined in December 2006 that Plaintiff could lift/carry up to 20 pounds occasionally and up to 10 pounds frequently; stand/walk for at least 2 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and push/pull with limitation in the lower extremities (Tr. 285). Dr. Begian also found that postural limitations precluded Plaintiff from climbing ladders, ropes and scaffolds, and allowed only occasional climbing of ramps and stairs, stooping, kneeling, crouching, or crawling (Tr. 286). Dr. Begian also opined that Plaintiff needed to use a "hand-held assistive device" (*i.e.* a cane) for ambulation (Tr. 285).

   C.     *Plaintiff's Claims of Error*

Plaintiff's primary contention on appeal is that the ALJ erred in relying on the "Grids" to find him not disabled because Plaintiff has non-exertional limitations, namely, the need to use a cane to walk and certain postural limitations. Plaintiff contends that – where a non-exertional limitation might substantially reduce a range of work an individual can perform – the use of the Grids is inappropriate and the ALJ must instead consult a vocational expert.

## III.  DISCUSSION

   A.     *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de

novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

  **B.**  ***Governing Law***

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and

children who become disabled.  F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

### C. *Analysis and Conclusions*

As noted earlier, Plaintiff's primary contention on appeal is that the ALJ erred in relying on the Medical Vocational Guidelines, or "Grids," to find him not disabled because Plaintiff has non-exertional limitations – namely, that he needs to use a cane to walk and has postural limitations. Plaintiff's argument is well-taken. Where a claimant suffers from an impairment limiting only his strength, the Secretary can satisfy his burden – without considering direct evidence of the availability of jobs the particular claimant can perform – through reference to the Grids. The Grids aid the Secretary in determining disability claims by allowing "administrative notice" to be taken of the existence of jobs in the national economy that those with particular combinations of the four statutory factors are capable of performing.

The Medical-Vocational Guidelines take account only of a claimant's "exertional" impairment; that is, "an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]" 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). Where a claimant suffers from an impairment that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength – for example, where a claimant suffers from a mental illness, *see, e.g., Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 772 (6th Cir. 1987); manipulative restrictions, *see, e.g., Hurt v. Sec'y of Health & Human Servs.*, 816 F.2d 1141, 1143 (6th Cir. 1987); heightened sensitivity to environmental contaminants, *see, e.g., Shelman v. Heckler*, 821 F.2d 316, 322 (6th Cir.1987); or the ability to bend the legs alone (kneel), to bend the spine alone (stoop) or bend both the spine and legs (crouch), *see* SSR 85-15, 1985 WL 56857 – rote application of the grid is *inappropriate*.

The ALJ in this matter found that Plaintiff did not have any non-exertional limitations, and could perform the "full range" of sedentary work:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

Social Security Ruling ("S.S.R.") 96–9p provides:

> In order to perform a *full range* of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8–hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2–hour intervals. If an individual is unable to sit for a total of 6 hours in an 8–hour work day, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work.

\*\*\*

> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand *may* still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) *may be significantly eroded*.
>
> *In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.*
>
> \*\*\*
>
> An ability to stoop occasionally; *i.e.*, from very little up to one-third of the time, *is required* in most unskilled sedentary occupations. A complete inability to stoop would *significantly erode* the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. *Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.*
>
> \*\*\*

1996 WL 374185 at \*6-8 (emphases added).[2] Substantial evidence does not exist in the record that Plaintiff had the residual functional capacity to perform a full range of sedentary work. As a result, the ALJ erroneously applied the Grids in reaching a conclusion of non-disability.

---

[2] S.S.R.s "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1); *see also Evans v. Comm'r of Soc. Sec.*, 320 Fed. App'x 593, 596, 2009 WL 784273, at \*2 (9th Cir. Mar. 25, 2009) (' "Federal statutes, administrative regulations and Social Security Rulings together form a comprehensive scheme of legal standards that ALJs must follow in determining whether a claimant is entitled to disability benefits.' " (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990)).

Reliance on the Grids in the instant case was erroneous because Plaintiff suffers from significant non-exertional limitations resulting from his back, leg and foot ailments.

In her decision, the ALJ gave the opinion of the state agency physician "some weight," but did not incorporate that doctor's non-exertional limitations into the RFC. In particular, while the ALJ noted that the state agency examiner (Dr. Schuchter) found that Plaintiff had a very limited range of motion for squatting and stooping, the ALJ rejected this finding by "rely[ing] more on the updated medical evidence of record" (Tr. 14). However, the ALJ failed to articulate what evidence she was relying on, in particular, what evidence showed that Plaintiff's ability to squat/stoop had improved. Furthermore, another state agency physician (Dr. Begian) opined that Plaintiff needed to use a "hand-held assistive device" (*i.e.* a cane) for ambulation (Tr. 285).[3] However, the ALJ did not incorporate this limitation into the RFC. The ALJ's failure consider Plaintiff's limited ability to squat/stoop and failure to consider Plaintiff's need to use a cane runs counter to the guidance provided by SSR 96-9p, quoted above.

In sum, the undersigned finds that the decision of the ALJ contains errors of law that are not harmless. Specifically, the ALJ inappropriately used the "Grids," since Plaintiff has non-exertional limitations. The ALJ should have consulted a vocational expert instead of applying the Grids. If the ALJ should determine upon remand that Plaintiff does not qualify for disability benefits, a final determination of "not disabled" may only be entered if supported by expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with Plaintiff's characteristics. If a VE is employed to satisfy this

---

[3] Dr. Begian also found that Plaintiff had postural limitations precluded him from climbing ladders, ropes and scaffolds, and allowed only occasional climbing of ramps and stairs, stooping, kneeling, crouching, or crawling (Tr. 286). The ALJ did not incorporate any of these limitations into the RFC.

burden, he or she must, of course, be informed of Plaintiff's non- exertional limitations if his or her opinion is to carry evidentiary weight.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for remand be **GRANTED**, that Defendant's motion for summary judgment be **DENIED** and that this matter be **REMANDED** for further proceedings consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                      s/Mark A. Randon
                                      Mark A. Randon
                                      United States Magistrate Judge

Dated: January 19, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 19, 2012, by electronic and/or ordinary mail.*

                                      *s/Melody R. Miles*
                                      *Case Manager to Magistrate Judge Mark A. Randon*
                                      *(313) 234-5542*