UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY J. KAHEE,

        Plaintiff,

v.                                                                                          Case No. 10-14852
                                                                Honorable Julian Abele Cook, Jr.
COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Wesley J. Kahee, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are Kahee's motion to remand this case to the Commissioner and the Commissioner's motion for summary judgment.

Magistrate Judge Mark A. Randon, to whom the parties' motions were referred for an evaluation, submitted a report on January 19, 2012, in which he recommended that the Court (1) deny the Commissioner's motion for summary judgment, and (2) grant Kahee's motion to remand this matter to the Commissioner for further proceedings. As of this date, neither party has expressed any objections to Magistrate Judge Randon's report. For the reasons that have been set forth below, the Court adopts the report, including the recommendations, of Magistrate Judge Randon in its entirety.

I.

1

On October 13, 2006, Kahee filed an application for supplemental security income, alleging that he has been unable to work since March 1, 2004, because of several problems with his back and right leg. He was forty-two years old as of the alleged onset date and forty-five years of age on the date when his application was filed. He possesses a tenth-grade education, as well as past relevant employment experiences as a machine operator, trainer, and van driver.

When his application for supplemental security income was initially rejected, Kahee sought and obtained a *de novo* hearing before an administrative law judge who, in rendering a decision on September 24, 2009, determined that he was not a disabled person within the meaning of the Social Security Act. In her decision, the administrative law judge concluded that Kahee, despite suffering from the severe impairments of back problems and a deep vein thrombosis in his right leg, possessed neither an impairment nor a combination of impairments that met or equaled the "Listing of Impairments." It was also the conclusion of this administrative law judge that Kahee possessed the residual functional capacity to perform the full range of sedentary work, as defined in 20 C.F.R. 416.967(a). This range precluded him from pursuing his past relevant work, all of which was performed at the semi-skilled or above sedentary level. Finally, and relying upon the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R., Part 404, Subpart P, Appendix, 2, the administrative law judge opined that, after giving consideration to Kahee's residual functional capacity, as well as to such other significant factors as age, education, and work experience, he would be able to perform a significant number of jobs that are available in the national economy. *See* Medical-Vocational Rule 202.19. Thus, it was the conclusion of the administrative law judge that Kahee had not sustained a disability which was compensable under the Social Security Act. This decision became the final decision of the Commissioner on November 8, 2010, when the Appeals Council

denied Kahee's request for a review. This lawsuit followed.

## II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Thus, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an evaluation of the record only. Thus, a court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

## III.

In his appeal to this Court, Kahee contends that the administrative law judge erred in relying upon the Grids because he had exertional and non-exertional limitations which precluded him from performing the full range of sedentary work.[1]

Magistrate Judge Randon opined - and the Court agrees - that substantial evidence in the

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

record does not support the final determination by the administrative law judge that Kahee could perform the full range of sedentary work activities. This conclusion, in turn, compels a determination that the administrative law judge erred in relying upon the Grid because its application is appropriate only if the claimant's condition precisely matches the components of the Grid. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981); *see also* SSR 96-9p (to perform full range of sedentary work, the claimant "must be able to perform substantially all of the strength demands defining the sedentary level of exertion, as well as the physical and mental nonexertional demands that are also required for the performance of substantially all of the unskilled work considered at the sedentary level").

The conclusion of the administrative law judge that Kahee could perform the full range of sedentary work is not supported by the record. As explained by the magistrate judge, two state agency physicians placed additional exertional and non-exertional limitations on Kahee which the administrative law judge - without an adequate explanation - failed to include in her residual functional capacity determination. One physician, after completing a consultative examination, noted that Kahee needed to use a cane in order to walk, was unable to stoop, and could bend only occasionally. Similarly, the state reviewing physician noted that Kahee needed to use a cane to walk; could not climb ladders, ropes, or scaffolds; and could only occasionally climb stairs or ramps, stoop, kneel, crouch, or crawl.

Although the administrative law judge noted Kahee's testimony that he uses a cane to walk, she did not make any further mention of this fact or provide a basis for rejecting the doctors' assessments regarding his need for a walking aid.

This omission runs contrary to the instruction in SSR 96-9p, which provides that a medical requirement to use a hand-held assistive device is an exertional limitation that may prevent a

4

claimant from being able to perform every requirement of sedentary work. This Ruling instructs that consultation with a vocational expert, as opposed to rote application of the Grid, is appropriate in such a circumstance. There is nothing in the record which indicates that the administrative law judge considered the impact, if any, of Kahee's use of a cane on his ability to perform all of the exertional demands of sedentary work.

The administrative law judge rejected the doctors' opinions with respect to postural limitations, choosing to rely instead upon unspecified "updated medical evidence of record." (Tr. 14). In the absence of any specific identification of this "updated medical evidence" or how it demonstrated that Kahee's postural abilities since the rejected evaluations occurred,[2] this statement - standing alone - cannot support the exclusion of these limitations from a residual functional capacity analysis.

In summary, the administrative law judge's determination that Kahee could perform the full range of sedentary work was not supported by substantial evidence. To the contrary, because Kahee has additional exertional and non-exertional limitations that must be accounted for, his condition did not precisely match the Grid. Thus, the administrative law judge improperly relied upon the Grid in determining that Kahee could perform a substantial number of jobs that are available in the national economy. *Kirk*, 667 F.2d at 535. Because a non-Grid determination is required, this case will be remanded so that the opinion of a vocational expert witness may be obtained in order to determine if an individual with Kahee's characteristics and limitations could perform a significant number of jobs in the national economy.

IV.

---

[2] Kahee points out that, if anything, his condition has worsened since that time, in part because he fractured his right ankle in 2008 - an injury which required surgery.

5

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Randon. In so doing, the Court (1) denies the Commissioner's motion for summary judgment (ECF 13), and (2) grants Kahee's motion to remand this matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings as described herein (ECF 12).

IT IS SO ORDERED.

Date: March 30, 2012                               s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2012.

                                                   s/ Kay Doaks
                                                   Case Manager